The Honorable Martha Shoffner State Treasurer 220 State Capitol Little Rock, Arkansas 72201
Dear Ms. Shoffner:
I am writing in response to your request for an opinion on the distribution of funds derived from mineral, oil, and gas leases to the federal government. Your question revolves around the formula for distributing excess moneys derived from these leases. You base your question on the portion of the formula found at A.C.A. § 19-7-801(a)(2)(B) (Supp. 2007). This subsection requires that each county in which the federal government conducts mining operations pursuant to these leases be reimbursed according to a specific ratio. The ratio requires "each county to receive a proportionate part of the funds equal to the ratio of the total number of acres of land in the federal installation in each county as the acreage bears to the total number of acres of the federal installation in all counties having land in the federal installation."
You indicate that each month the "Minerals Management Service of the United States Department of the Interior" pays the moneys charged for the leases. Accompanying the payment, the Minerals Management Service "provides reports with the amounts [of payment] broken down by county and then by lease. They do not provide any reports of the federal installations within the state or the counties in which they reside." In short, the Minerals Management Service does not provide you with the information required to fill out the second half of the payment ratio detailed by subsection (a)(2)(B). *Page 2 
In the absence of this information, you indicate that "[h]istorically, the Treasurer of the State has distributed these funds entirely to the county" from which the funds originated. You indicate that Legislative Audit has questioned the propriety of this distribution method and you ask: "In the absence of any federal installation information, can the Treasurer of State use the reports provided by the Minerals Management Service to distribute these funds to the counties?"
RESPONSE
In my opinion, the answer to your question is "no." Subsection 19-7-801(a)(2)(B) establishes a specific formula to determine the amount payable to each county. According to that formula, each county must receive a proportionate share of the funds equal to the following ratio: all the acres of federal installation lands in that individual county to all the federal installation acres in all counties. Your question indicates that you lack the data required to know the latter half of the ratio. In the absence of the data required to complete the ratio, the excess funds distributed under subsection 19-7-801(a)(2)(B) cannot be properly distributed.
Your question appears to ask whether it is appropriate to distribute the subsection 19-7-801(a)(2)(B) funds without knowing the data required for the latter half of the ratio. Because the statute requires funds be distributed according to a strict ratio, any distribution that does not accord with that ratio is improper, in my opinion. Accordingly, in my opinion, the answer to your question of whether you can distribute the moneys without the latter half of the ratio is "no."
There may be some factual issues surrounding the scope and definition of the term "federal installation," which is not defined in this statute. There may also be some practical difficulties in obtaining the data required to distribute the moneys in accordance with the ratio. I am unable to address the factual and practical aspects of your question, however, as I am neither authorized nor equipped to undertake such an analysis. Legislative clarification of this statute appears warranted. *Page 3 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General *Page 1